IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY JAMES BUTLER,       )<br>                                                     )<br>            Petitioner-Defendant,   )<br>                                                     )<br> v.                                              )<br>                                                     )<br>UNITED STATES OF AMERICA,  )<br>                                                     )<br>            Respondent-Plaintiff.       )<br>_____ ) | Case Nos.   CV-06-520-S-BLW<br>                   CR-03-131-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court is Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) to which the Government has filed a Response (Docket No. 7).[1]

Having reviewed the record, and being otherwise fully informed, the Court enters the following Order dismissing the § 2255 Motion.

## REVIEW OF § 2255 MOTION

### A.    Procedural Background and Summary of Claims and Issues

On February 26, 2004, Defendant (Butler) was sentenced to a term of imprisonment of 181 months consisting of 121 months on Count 3 (possession of a controlled substance with intent to distribute) and 120 months on Count 5

---

[1] All further docket references shall be to the criminal case, CR-03-131-S-BLW, unless otherwise noted.

**Memorandum Decision and Order - 1**

(unlawful possession of a firearm) to run concurrently with each other, and 60 months on Count 4 (possession of a firearm in furtherance of a drug trafficking crime) to run consecutively to the terms of imprisonment imposed on Counts 3 and 5.[2]  *Judgment* (Docket No. 118).  Butler timely appealed his conviction and sentence for the charges of possession of a controlled substance and possession of a firearm in furtherance of a drug trafficking crime.  The Ninth Circuit affirmed his convictions on those charges but remanded the case to this Court pursuant to *Ameline* and *Booker*.  *See* USCA Memorandum Decision (Docket No. 131) (citing [United States v. Booker, 125 S.Ct. 738, 769 (2005)](...) and [United States v. Ameline, 409 F. 3d 1073, 1084-85 (9th Cir. 2005) (en banc)](...)).

On remand, in accordance with the procedure set forth in *Ameline*, this Court sought briefs from counsel regarding whether or not the sentence should be materially different under advisory guidelines.  The Court determined that because of the statutory mandatory minimums involved with the possession charge and the firearm charge totaling 180 months, the sentence would not have been materially different under advisory guidelines.  *Mem. Dec.* (Docket No. 146) (noting that at most the difference would be one month which the Court did not deem material).

---

[2]  Butler had pled guilty to Counts 5 and 6 (forfeiture) and had been found guilty following a jury trial of Counts 3 and 4 of the Superseding Indictment.  The Government moved to dismiss Counts 1 and 2 after trial.

**Memorandum Decision and Order - 2**

Butler did not appeal the Court's decision.  However, he thereafter timely filed the pending § 2255 Motion alleging ineffective assistance of counsel for failure to file a notice of appeal.

### B.  Standards of Law

#### 1.  Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

**Memorandum Decision and Order - 3**

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record.  *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

### 2. Ineffective Assistance of Counsel Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.  *See Strickland v. Washington*, 466 U. S. 668 (1984).  More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697.

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order.  *Id.* at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

### C. Discussion

**Memorandum Decision and Order - 4**

Butler alleges that he "wanted an appeal to be filed" of the Court's decision denying resentencing and "believed" that defense counsel, Mr. Wade Curtis, had filed a notice of appeal. *§ 2255 Motion* at 3.  Notably, he did not allege that he asked or instructed Mr. Curtis to file the notice of appeal.  Butler contends that he had an appealable issue regarding whether the guidelines are the starting point for determining a reasonable sentence as well as the issue of the reasonableness of his sentence.  *Id*. at 4-5.

With its Response, the Government submitted the affidavit of Mr. Curtis in which he stated that he saw no legal or factual basis for appeal, that he promptly mailed a copy of the Court's decision to Butler advising him to call with any questions or comments, that his staff has a policy of accepting calls from prison, that Butler had called him several times prior to the Court's decision, and that he has no record of Butler's trying to call his office after he mailed the decision.  *Aff*. (Docket No. 6).  Defendant has not filed a Reply.

Ineffective assistance of counsel claims for failure to file a notice of appeal are evaluated under the *Strickland* test.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Where a defendant specifically instructs counsel to file a notice of appeal, failure to do so constitutes ineffective assistance of counsel, and the lost chance to appeal constitutes prejudice.  *United States v. Sandoval-Lopez*, 409 F.3d 1193,

**Memorandum Decision and Order - 5**

1196-98 (9th Cir. 2005). However, where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must first determine whether counsel consulted with the defendant regarding an appeal. *Flores-Ortega*, 528 U.S. at 477-78 (2000). If counsel has not done so, then the court must determine whether that failure to consult in and of itself constituted deficient performance. *Id.* Counsel is only constitutionally required to consult with a defendant about whether to file a notice of appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), *or* (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480 (emphasis added).

   Here, Butler clearly did not request or instruct Mr. Curtis to file a notice of appeal. Therefore, Mr. Curtis's failure to file a notice of appeal was deficient performance only if he had a constitutional duty to consult with Butler about a notice of appeal and failed to do so. Butler also clearly did not reasonably demonstrate an interest in appealing. Therefore, Mr. Curtis was only required to consult with Butler if he had reason to think a rational defendant would want to appeal.

   Unlike the usual sentencing scenario where counsel and the defendant have

**Memorandum Decision and Order - 6**

the opportunity to discuss an appeal immediately following sentencing or at a local facility until the defendant is transferred to his institution of designation, Mr. Curtis's only means of communicating the Court's decision with Butler was by mail. Mr. Curtis promptly communicated by mail and requested that Butler call him with any questions or comments as Butler had done in the past. Butler did not do so. Mr. Curtis acted in a professionally reasonable manner in the circumstances in offering the opportunity for a consultation.

The Court notes that Mr. Curtis's letter did not specifically refer to a notice of appeal. If for that reason the letter did not constitute a reasonable attempt to consult, the question then becomes whether Mr. Curtis was even required to consult with Butler regarding an appeal. The Court finds that he was not. There was no reason for counsel to think that a rational defendant would want to appeal in the context of the facts of this case despite Butler's argument that "there was *some* potential benefit to gain by filing an appeal." *§ 2255 Motion* at 3 (emphasis in original).

The Ninth Circuit in *Ameline*, following the lead taken by the Second Circuit in *Crosby*, adopted a limited remand procedure to be followed in cases pending on appeal at the time of the *Booker* decision where there was an unpreserved *Booker* error. See United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), *abrogated on*

**Memorandum Decision and Order - 7**

*other grounds by* United States v. Fagans, 406 F.3d 138 (2d Cir. 2005). The Ninth Circuit specifically quoted the language of *Crosby* in framing the district court's required analysis on remand as "whether the sentencing judge 'would have imposed a *materially* different sentence' had he been aware of the now-advisory nature of the sentencing guidelines.'" Ameline, 409 F.3d at 1079 (quoting *Crosby*, 397 F.3d at 117) (emphasis added). Furthermore, in the "The Process to be Followed" section of the *Ameline* decision directed towards district courts, the Ninth Circuit used the words "materially different" or "differed materially" several times:

> In answering the question we pose . . . [i]t is enough that the sentence would have been *materially different*. . . . If the district court judge determines that the sentence imposed would not have *differed materially* had he been aware that the Guidelines were advisory, the district court judge should place on the record a decision not to resentence . . . . If the district court determines that the sentence imposed would have *differed materially* . . . the error is prejudicial . . . .

Ameline, 409 F.3d at 1085 (emphasis added).

     A review of the *Crosby* decision reveals that in addition to the language quoted in *Ameline*, the Second Circuit not only uses the words "material" or "materially" when discussing the remand procedure, it also uses the words "nontrivial" and "nontrivially:"

**Memorandum Decision and Order - 8**

> [A] district judge's decision that the original sentence would have differed in a *nontrivial* manner from that imposed will demonstrate that the error in imposing the original sentence was harmful and satisfies the plain error analysis. . . . [A] sentence imposed under a mistaken perception of the requirements of law will satisfy plain error analysis if the sentence imposed under a correct understanding would have been *materially different*. . . . If a district court determines that a *nontrivially different* sentence would have been imposed, that determination completes the demonstration that the plain error test is met.

*Crosby*, 397 F.3d at 118. Furthermore, the court said, "A district judge need only determine that the original sentence would have been *nontrivially* different and need not determine what that sentence would have been." *Id.* at n. 20 (emphasis added). Obviously, the Second and Ninth Circuits would not have modified "different" with "nontrivially" and "materially" if resentencing was intended to occur in any case where the district court would not have imposed the *exact* same sentence under advisory guidelines.

As the Court acknowledged in its decision denying resentencing, one month may not be immaterial or inconsequential to Defendant. *Mem. Dec.* at 13 (Docket No. 146). Nevertheless, given the language of *Ameline* and *Crosby*, the Court finds that Mr. Curtis had no reason to believe that a rational defendant would have

**Memorandum Decision and Order - 9**

wanted to appeal.³  Accordingly, he had no duty to consult with Butler regarding filing a notice of appeal.

## CONCLUSION

Under the circumstances of this case where the Court's discretion was constrained by the statutory minimum, defense counsel's performance in not filing a notice of appeal or consulting Defendant about doing so did not constitute ineffective assistance of counsel.  Having found no deficient performance, the Court is not required to address the prejudice prong of the *Strickland* test.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED and Case No. CV-06-520-S-BLW is DISMISSED.



DATED:  **August 27, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

---

³ Had this been a case with a lower statutory minimum offering the Court greater leeway for imposing a below the guideline sentence if it deemed that mitigating circumstances warranted it, the Court recognizes that a rational defendant may have wanted to appeal a decision denying resentencing.

**Memorandum Decision and Order - 10**