IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMOTHY JAMES BUTLER, | ) | |
| | ) | Case Nos.   CV-06-520-S-BLW |
| Petitioner-Defendant, | ) | CR-03-131-S-BLW |
| | ) | |
| v. | ) | **ORDER RE: CERTIFICATE** |
| | ) | **OF APPEALABILITY** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| _____ | ) | |

This Court previously dismissed Butler's Motion Pursuant to 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence.  He has since filed a Motion for

Certificate of Appealability (Docket No. 22) and a Notice of Appeal (Docket No.

23).  Having considered the Application and the record in this case, the Court

enters the following Order.

## CERTIFICATE OF APPEALABILITY

A petitioner who has been denied relief cannot appeal from the denial or

dismissal of a proceeding under 28 U.S.C. § 2255 unless he has first obtained a

certificate of appealability ("COA").  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A COA will issue only when a petitioner has made "a substantial showing of the

**Order re: Certificate of Appealability - 1**

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard

when the court has dismissed a petition or claims within a petition on procedural

grounds, the petitioner must show that reasonable jurists would find debatable (1)

whether the court was correct in its procedural ruling, and (2) whether the petition

states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel,* 529

*U.S. 473, 484 (2000).*[1]   When the court has denied a petition or claims within a

petition on the merits, the petitioner must show that reasonable jurists would find

the court's decision on the merits to be debatable.  *Slack,* 529 *U.S. at 484 (2000)*;

*Allen v. Ornoski,* 435 *F.3d 946, 951 (9th Cir. 2006).*  The standard "requires an

overview of the claims in the habeas petition and a general assessment of their

merits," but the court need not determine that the petitioner would prevail on

appeal.  *Miller-El v. Cockrell,* 537 *U.S. 322, 336 (2003).*  In ruling on the COA

motion, the district court shall either indicate which issue or issues satisfy the

standard for issuing a COA or indicate why a certificate should not be granted.

*United States v. Asrar,* 116 *F.3d 1268, 1270* (citing 28 U.S.C. § 2253(c)(3)).

   In this case, Butler claimed that defense counsel was ineffective for failing

---

[1]   The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction.  *See United States v. Asrar,* 116 *F.3d 1268 (9th Cir. 1997).*  Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**Order re: Certificate of Appealability - 2**

to file a notice of appeal of the Court's decision denying resentencing following an *Ameline* remand for consideration of whether the Court would have imposed a materially different sentence under advisory guidelines.  The Court found that the claim failed on the merits.  *Mem. Dec. and Order* (Docket No. 10).  The Court subsequently denied Butler's motion to reconsider that decision (construed as a motion to amend the § 2255 motion) to allege additional grounds.  *Mem. Dec. and Order* (Docket No. 20).  The Court denied the motion on the grounds that the additional claims were time-barred.

### A.     Ineffective Assistance of Counsel for Failure to File Notice of Appeal.

Butler's COA motion raised for the first time the issue that the Court's decision regarding this claim was based on the erroneous belief that the combined mandatory statutory minimum for the drug and the firearm charges of which he was convicted was 180 months when, in fact, it was 120 months.  Butler is correct. *See* 21 U.S.C. § 841(b)(1)(B)(viii) (offense involving 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine is punishable by a term of imprisonment which may be not less than 5 years and not more than 40 years); 18 U.S.C. § 924(c)(1)(A)(i) (offense of possession of a firearm in furtherance of a drug trafficking crime shall be sentenced to a term of

**Order re: Certificate of Appealability - 3**

imprisonment of not less than 5 years; and 18 U.S.C. § 924(c)(1)(D)(ii) (term of imprisonment shall not run concurrently with any other term of imprisonment).

The Court had sentenced Butler to 181 months on the drug and firearm charges.  In defense counsel's Request for Resentencing Hearing following the *Ameline* remand, he indicated that because of the statutory minimums involved in the drug and the firearm charges, at most Butler was entitled to a one-month reduction in his sentence.  Docket No. 141, p. 9, n.1 in CR-03-131-S-BLW.  Then, not only did the Court inadvertently carry over that mistake when deciding not to resentence Butler, new retained counsel also perpetuated the error in the § 2255 Motion, and the Court then based its decision to deny the § 2255 Motion on that same error.

In its Order denying the § 2255 Motion, the Court found that counsel had no duty to consult with Butler regarding filing a notice of appeal given the fact that at most Butler's sentence could be reduced by one month.[2]  The Court noted that had there been a lower statutory minimum offering the Court greater leeway for

_____

[2]  Counsel is constitutionally required to consult with a defendant about whether to file a notice of appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), *or* (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (emphasis added).  This Court found that Butler had not alleged that he had asked counsel to file a notice of appeal, so the only issue was whether a rational defendant would have wanted to appeal.

**Order re: Certificate of Appealability - 4**

imposing a sentence below the guidelines if warranted, a rational defendant may have wanted to appeal the decision thereby triggering the duty to consult with Butler regarding filing a notice of appeal.  *See* Docket No. 10, n.3.  Therefore, not only was the Court's decision based on erroneous information, it essentially recognized that Butler would have been entitled to relief under the § 2255 Motion had the statutory minimum been lower.

The Court is troubled that its inadvertent adoption of the incorrect statutory minimum would not only deprive Butler of the right to appeal the reasonableness of his sentence[3] but would also cause unnecessary work for the Ninth Circuit which would likely remand in any event.  Therefore, because Butler's notice of appeal has not yet been filed with the Ninth Circuit, in the interest of judicial economy and to correct a manifest injustice, the Court will treat the motion for a certificate of appealability as to this ground only as a motion pursuant to Fed. R. Civ. P. 60(b).[4]

*Cf.* *Wisecup v. James*, 790 F.2d 841, 842 (11th Cir. 1986) (district court lacked

---

[3]  Butler does not contend that the Court failed to consider the § 3553(a) sentencing factors.  *See Petitioner's Reply to Respondent's Response to Request for COA*, p. 4 (Docket No. 25) ("Petitioner is quite sure the Court considered § 3553(a) factors at resentencing.").  Rather, he seeks the right to appeal the reasonableness of the sentence.  In any event, the Court would not have resentenced based on the factors cited in the Request for Resentencing.

[4]  The Federal Rules of Civil Procedure may be applied to a § 2255 proceeding to the extent they are not inconsistent with either any statutory provision or the § 2255 rules.  *See* Rule 12, Rules Governing Section 2255 Proceedings.

**Order re: Certificate of Appealability - 5**

jurisdiction to reconsider denial of habeas petition where notice of appeal had been docketed and a case opened at the circuit court).

Rule 60(b) entitles the moving party to relief from judgment on several grounds including "for mistake, inadvertence, surprise, or excusable." *See* Fed. R. Civ. P. 60(b)(1). "Mistake" may include certain obvious errors of law. *See, e.g., Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (Rule 60(b)(1) may address mistake or inadvertence of the court) (citing *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966)); *Van Skiver v. United States*, 952 F.2d 1241, 1244 (Rule 60(b) relief is available for obvious errors of law that are apparent on the record) (citing *Alvestad v. Monsanto Co.*, 671 F.2d 908, 913 (5th Cir. 1982) (limiting Rule 60(b) motions to the correction of facially obvious errors of law as a way to avoid wasting appellate resources)).

In the context of deciding whether a Rule 60(b) motion should be construed as a second or successive § 2254 motions, the Supreme Court has held that the motion is properly treated as a Rule 60(b) motion if it attacks "some defect in the integrity of the federal habeas proceedings" rather than "the substance of the federal court's resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532; 538 (2005). Several other courts, citing *Crosby*, have used the same reasoning in § 2255 proceedings. *See, e.g., United States v. Hiralal*, 238 Fed.

**Order re: Certificate of Appealability - 6**

Appx. 225, 226 (9th Cir. 2007) (unpublished); *United States v. Leasure*, 223 Fed.

Appx. 630, 631 (9th Cir. 2007) (unpublished); *United States v. Battles*, 2008 WL

436962, *2 (E.D. Cal. Feb. 14, 2008); *Stone v. United States*, 2008 WL 336791, *2

(W.D. Wash. Fev. 4, 2008); *Yuzary v. United States*, 2007 WL 4276864 (S.D.N.Y.

Nov. 30, 2007).

Here, Butler is ultimately challenging the Court's ruling on the merits that

defense counsel was not ineffective for failing to file a notice of appeal of the

resentencing decision.  However, the Court views the motion as being more akin to

a challenge to the integrity of the § 2255 proceedings in that the Court based its

decision on an erroneous premise.  Furthermore, given that the Court already

indicated in its Order that it would have concluded otherwise had the statutory

minimum been lower, it is apparent that the Ninth Circuit would reverse and

remand for the Court to correct its error and allow Butler to file a notice of appeal

of the resentencing decision.

At the risk of adding to the procedural confusion in this case, the Court will

grant Butler's Rule 60(b)(1) motion in order to allow him to appeal the Court's

decision denying resentencing.

**B.     Denial of Motion to Amend Based on Equitable Tolling**

In determining that the additional claims Butler sought to include had the

**Order re: Certificate of Appealability - 7**

Court allowed him to amend his § 2255 Motion were time-barred, the Court found that those claims did not relate back to the one claim filed within the one-year statute of limitations. It further found that Butler was not entitled to equitable tolling based on his counsels' mistaken belief that filing what he termed a "place holder" § 2255 motion would be sufficient to bring his other claims within the statute of limitations. Generally, attorney negligence does not constitute extraordinary circumstances sufficient for equitable tolling even if that negligence includes miscalculation of the statute of limitations. *See Miranda v. Castro*, 292 F.3d 1063, (9th Cir.), *cert. denied*, 537 U.S. 1003 (2002). *See also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citing *Harris v. Hutchinson*,[5] 209 F.3d 325, 330-31 (4th Cir. 2000) (statute of limitations not equitably tolled by attorney's mistake resulting in missed deadline)); *Taliani v. Chrans*, 189 F.3d 597-98 (7th Cir. 1999) (same); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (per curiam) (no equitable tolling where delay was allegedly caused by counsel's decision to mail the petition by regular mail rather than expedited delivery). Although the Court recognized that an attorney's egregious misconduct may warrant equitable tolling, it found that there was no such identifiable

---

[5] *Hutchinson*'s opinion was based in part on the fact that there is no constitutional right to counsel in a § 2255 action.

**Order re: Certificate of Appealability - 8**

misconduct between the time the § 2255 Motion was filed on December 22, 2006

and the time the statute of limitations expired on January 9, 2007.

The Court has carefully reviewed its decision and concludes that Butler has

not demonstrated that the decision to deny Butler's motion to amend to add claims

to his initial § 2255would be debatable among reasonable jurists.  Therefore, Butler

is not entitled to a certificate of appealability with respect to the Court's ruling that

these claims were time-barred.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Butler's Rule 60(b)(1)

Motion regarding to the Court's denial of his § 2255 Motion (Docket No. 1), is

GRANTED.  Accordingly, the Court's Memorandum Decision and Order (Docket

No. 10) and Judgment (Docket No. 11), reinstated pursuant to the Memorandum

Decision and Order (Docket No. 20), is WITHDRAWN and Butler's § 2255

Motion (Docket No. 1) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the Memorandum Decision and

Order denying resentencing  (Docket No. 146 in Case No. CR-03-131-S-BLW) be

withdrawn and then immediately reentered, thus allowing Butler ten days in which

to file a Notice of Appeal of the resentencing decision.

**Order re: Certificate of Appealability - 9**

IT IS FURTHER HEREBY ORDERED that Butler's Motion  for Certificate of Appealability (Docket No. 22) is DENIED with regard to denial of his motion to include additional grounds for relief in his § 2255 Motion.  Butler is advised that he may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) as to the denied portion of the COA motion.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall forward a copy of this Order, Butler's Motion for Certificate of Appealability (Docket No. 22), and Notice of Appeal (Docket No. 23) to the Ninth Circuit Court of Appeals.  The district court's file in this case is available for review online at www.id.uscourts.gov.  If requested by the Ninth Circuit, the Clerk of Court shall forward that portion of the record beginning with the filing of the 28 U.S.C. § 2255 Motion.

IT IS FURTHER HEREBY ORDERED that Butler's Third Motion for Extension of Time to File Amended § 2255 Motion (Docket No. 21) is MOOT.

DATED:  **March 24, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order re: Certificate of Appealability - 10**